# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RICHARD TODD WILLIAMS, <br>          Petitioner, | Case No. 1:21-cv-423 |
| vs. | Black, J. <br> Litkovitz, M.J. |
| WARDEN, LONDON CORRECTIONAL INSTITUTION, <br>          Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner, an inmate in state custody at the London Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to transfer the petition to the Sixth Circuit Court of Appeals as a second or successive petition (Doc. 15), which petitioner opposes. (Doc. 18). For the reasons stated below the undersigned recommends that the motion be denied.

## I. PROCEDURAL HISTORY

Petitioner challenges his 2007 Butler County, Ohio rape and gross sexual imposition convictions and sentence. (*See* Doc. 1 at PageID 1). On March 19, 2007, petitioner was sentenced to life imprisonment for his rape conviction and consecutive five-year prison terms for the remaining six gross sexual imposition convictions. (*See* Doc. 18 at PageID 90-91).

On April 7, 2009, after seeking review of his convictions and sentence in the Ohio Court of Appeals and Ohio Supreme Court, petitioner filed a federal habeas petition in this Court. *See Williams v. Warden*, Case No. 1:09-cv-250 (S.D. Ohio Apr. 7, 2009) (Doc. 1). On August 4, 2010, the Court denied the petition with prejudice. *Id.* at Doc. 18, 19.

Petitioner filed the instant petition on June 22, 2021. (Doc. 1). In response, respondent filed a Motion to Transfer Case to the United States Court of Appeals for the Sixth Circuit as a Second or Successive Habeas Corpus Application. (Doc. 15). Under 28 U.S.C. § 2244(b)(3)(A),

a district court lacks jurisdiction to consider a second or successive petition unless the petitioner has received authorization from the court of appeals. Respondent notes that this is not the first habeas petition filed by petitioner and argues that petitioner does not rely on any of the known exceptions to the bar on second or successive petitions that would provide this court with jurisdiction. (*Id.* at PageID 82-83).

Petitioner opposes the motion to transfer, arguing that his petition is not subject to transfer in light of an October 3, 2018 *nunc pro tunc* judgment of conviction entry informing him of post-release control. (*See* Doc. 18).

## II. RESPONDENT'S MOTION TO TRANSFER SHOULD BE DENIED

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"[N]ot all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 994 (2007)). The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024,

2

1025 (7th Cir. 1999) (and cases cited therein). "[T]he entry of a new judgment resets the 'second or successive' count so that the first habeas petition challenging a new judgment is not second or successive, even when it challenges the bases for an undisturbed conviction." *Allen v. Westbrooks*, 700 F. App'x 406, 409 (6th Cir. 2017). *See also King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015) (holding that a new judgment allows a petitioner to attack both the new judgment as well as the undisturbed original conviction without any possibility of facing the second or successive limits). However, "limited resentencings that benefit the [petitioner] 'do not disturb the underlying initial judgment, which continues to constitute a final judgment.'" *Freeman v. Wainwright*, 959 F.3d 226, 230 (6th Cir. 2020) (quoting *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016)). A limited resentencing that results in "[a] new, worse-than-before sentence . . . amounts to a new judgment." *Id.* at 229 (quoting *Crangle*, 838 F.3d at 678).

In this case, as argued by petitioner, the motion to transfer should be denied. Upon review of the October 3, 2018 *Nunc Pro Tunc* Judgment of Conviction Entry attached to petitioner's reply (*see* Doc. 18 at PageID 93-95), as well as the Butler County Clerk of Court's online docket records, it appears that petitioner filed an August 14, 2017 post-conviction motion for resentencing in the trial court.[1] In relevant part, petitioner argued that the trial court failed to properly impose post-release control in the March 19, 2007 sentencing entry.[2] The original

---

[1] Viewed at https://pa.butlercountyclerk.org/eservices under Case No CR 2005 06 1135. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] Petitioner also argued that that the trial court failed to fulfil its obligations under Ohio Rev. Code § 2950.09, which governs classification of an offender as a sexual predator and habitual sex offender. With regard to this claim, the matter was remanded to the trial court to determine whether petitioner was a habitual sex offender as required by § 2950.09(E), to journalize a new sentencing entry specifying petitioner's habitual sex offender status, and for the sentencing entry to specifically state the trial court's sexual predator determination was made pursuant to Ohio Rev. Code § 2950.09(B). Because the undersigned's finding that the instant petition is not successive is based on the

sentencing entry stated that petitioner was subject to post-release control "up to a maximum of five (5) years." (*Id.* at PageID 91). After the trial court denied petitioner's motion, the Ohio Court of Appeals remanded the matter to the trial court, instructing it to correct the March 19, 2007 sentencing entry to reflect that petitioner is subject to a mandatory five-year term of post-release control. As noted by petitioner, on October 3, 2018 the trial court issued a *Nunc Pro Tunc* Judgment of Conviction Entry imposing the mandatory post-release control term. (*See id.* at PageID 93-95).

In light of the October 3, 2018 judgment of conviction entry, which resulted in a new, worse-than-before sentence, the instant habeas corpus petition is not successive. *See Crangle*, 838 F.3d at 680 (finding a *nunc pro tunc* order imposing a mandatory term of post-release control to be a "new judgment"); *In re Stansell*, 828 F.3d at 418 (holding that the imposition of post-release control amounts to "a new judgment for purposes of the second or successive assessment"). Accordingly, respondent's motion to transfer the petition should be **DENIED.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion (Doc. 15) be **DENIED**.

2. The Court order respondent to file a return of writ **within sixty (60) days** of any decision adopting this Report and Recommendation in accordance with this Court's Order of June 29, 2021.

Date: 1/27/2022

Karen L. Litkovitz
United States Magistrate Judge

---

October 3, 2018 imposition of a mandatory term of post-release control, the Court need not determine whether changes to his sentencing entry based on § 2950.09 resulted in a new judgment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD TODD WILLIAMS,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:21-cv-423

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).