# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RICHARD TODD WILLIAMS,

                Petitioner,           :    Case No. 1:21-cv-423

    - vs -                          District Judge Jeffrey D. Hopkins
                                        Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                                       :
                Respondent.

## DECISION AND ORDER

        This habeas corpus case, brought *pro se* by Petitioner Richard Todd Williams pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Motion Opposing Extension of Time (ECF No. 32).

        This case was filed in June 2021.  In less than a week, Chief Magistrate Judge Karen Litkovitz ordered the Attorney General to answer within sixty days or by August 28, 2021; sixty days is the period now customarily allowed for an answer in this District, although there is no binding rule to that effect.

        The day before the answer was due, the Attorney General sought an extension of time because the documents from the State Court Record had not yet been received.  In the typical habeas corpus case in Ohio, those records are held by the Clerk of Court for the Common Pleas Court of the county of conviction.  Although the Attorney General is by law counsel to Respondent in a habeas corpus case, he or she does not control the local Clerk of Court and there is not a court

1

order for the Clerk to produce those records, although this Court has authority to issue such an order. On October 26, 2021, the Attorney General sought and received another sixty-day extension for the same reason:  failure of the Clerk to produce the record (ECF No. 13).

On December 16, 2021, the Attorney General sought to have the case transferred to the Sixth Circuit as a second or successive habeas petition[1].  Petitioner sought and received an extension of time to respond (ECF Nos. 16 & 17).  Although Petitioner responded before his time expired and Judge Litkovitz promptly recommended the transfer be denied, that recommendation was not adopted for more than nine months, during which time the assignment of the case was transferred to a different District Judge; none of that delay was caused by any "dilatory tactic" of Respondent.

In the meantime, Respondent's trial attorney died.  The Court finds that to be an extraordinary circumstance justifying the current extension to February 21, 2023, and Petitioner's Motion opposing that extension is DENIED.  Contrary to Petitioner's claim, he was not denied any constitutional due process right by Judge Litkovitz's grant of the extension before he responded:  most requests for extensions of time, by all sides in litigation in this Court, are filed sufficiently close to the existing deadline that postponing decision would essentially deny relief.

Petitioner concludes his Motion by claiming "At least once a week this Court dismisses habeas cases for timeliness reasons by the Petitioner. . ."  From the experience of the undersigned, that is untrue and Petitioner is challenged to produce evidence to the contrary.

January 9, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] The Motion was labeled a motion to transfer venue, but the substance of the motion was an argument that the petition was second or successive.  A transfer for a circuit court determination of whether a second or successive petition shall be permitted to proceed is not a transfer of venue because the court of appeals does not decide the merits of the case.