IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

RICHARD TODD WILLIAMS,

        Petitioner,      :      Case No. 1:21-cv-423

  - vs -                        District Judge Jeffrey D. Hopkins
                                   Magistrate Judge Michael R. Merz

WARDEN, London
   Correctional Institution,

                                          :
        Respondent.

## DECISION AND ORDER

When the Return of Writ and State Court Record were filed on February 21, 2023, the Court gave Petitioner Notice that, in accordance with the Order for Answer in this case, his Reply/Traverse would be due March 17, 2023 (ECF No. 36).  Petitioner has responded with his Motion Requesting a Complete State Record and an Extension of time to file the reply until that has happened.

When ordering an answer in this case, Chief Magistrate Judge Karen Litkovitz, to whom the case was then referred, ordered Respondent "to file those portions of the state court record needed to adjudicate this case." (ECF No. 5, PageID 51).  Rule 5 of the Rules Governing § 2254 Cases leaves it up to Respondent to decide in the first instance what portions of the State Court Record are needed to adjudicate the case.  The presiding judge then has authority to expand the record if needed.

In this case, Petitioner believes the case cannot properly be adjudicated unless the complete state record is filed, but he does not tell the Court which additional parts of the State Court Record are

1

needed or why, except that he believes trial transcripts are necessary and have not been furnished. A review of the State Court Record actually filed shows that Petitioner did proceed to trial; having been convicted, he appealed, so it appears that the trial testimony would have been transcribed for the use of the court of appeals. Accordingly and pursuant to Habeas Rule 7, Respondent is ordered to file the trial transcript and serve a copy on Petitioner not later than March 12, 2023.

The Petition does not raise any issues which would have been heard at a motion to suppress hearing, so no transcript of that proceeding needs be filed.

Apart from transcripts, Petitioner does not identify any missing parts of the state court proceedings which appear to be necessary to adjudicate the case. He merely refers to "other items not included" in the State Court Record as filed. In any habeas corpus case, there will be items that are part of the record before the state courts that will not as a matter of course be included in the record as filed in federal court. For example, proceedings before the grand jury are recorded but not include in the habeas record because of the grand jury secrecy rule. Felony cases that begin in a municipal court will generate paperwork that is usually not relevant in habeas. Routine orders like an order to transport or for issuance of subpoenas will not ordinarily be material.

Because he has not identified to this Court what additional documents that are part of the record of state court proceedings he wishes to have added to the State Court Record and his reasons for believing they are necessary, his motion to expand the record as filed, except for the trial transcript, is DENIED without prejudice to its renewal in an amended motion that actually identifies the parts of the record of state court proceedings he is seeking and the reasons he believes he needs them. Any such amended motion shall be filed not later than March 12, 2023. Petitioner's time to file his traverse is extended to a date to be set after resolution of these expansion of the record matters.

IT IS SO ORDERED.

March 2, 2023.

s/ *Michael R. Merz*  
United States Magistrate Judge