# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

RICHARD TODD WILLIAMS,

               Petitioner,           :    Case No. 1:21-cv-423

    - vs -                       District Judge Jeffrey D. Hopkins
                                 Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                              :
           Respondent.

# DECISION AND ORDER

On March 3, 2023, the Magistrate Judge denied, with one exception, Petitioner's Motion to Expand the Record "without prejudice to its renewal in an amended motion that actually identifies the parts of the record of state court proceedings he is seeking and the reasons he believes he needs them." (D&O, ECF No. 38). The case is now before the Court on Petitioner's Amended Motion to Expand which seeks to expand the filed State Court Record by adding eighteen documents or categories of documents.

Petitioner has complied to the extent of identifying documents which were generated during the state court proceedings. Considering those documents would appear to be consistent with our limitation to deciding the case on the basis of the record before the state courts. See *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022). Listed documents which would be prohibited under *Pinholster*, however, would include documents produced in discovery unless they were introduced in evidence.

1

Transcripts of grand jury testimony present a special case.  They are ordinarily required to remain secret.  Petitioner says they were produced to him on April 7, 2006, and an order on that subject was entered on that date according to the docket.  However, this Court does not know if any limits were placed on further disclosure of that testimony.  Respondent's counsel is directed to provide this Court with a copy of the relevant order.

The principal deficiency in Petitioner's Motion is his failure to disclose why he believes he needs these documents.  Instead of attempting to show some logical connection between the document sought and what it is expected to prove in the case, he merely labels the claim to which it is supposedly connected without explaining the connection.  For example, he asserts he needs the grand jury transcript to prove his jury unanimity claim without giving the Court any explanation of the connection.

Even more opaque is any connection between the documents sought and a claim of actual innocence.  Actual innocence is only relevant to excuse procedural lapses in presenting the case to the state courts.  Evidence to establish actual innocence is new reliable evidence – evidence not presented to the jury – of a particular nature "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  The Court does not understand the possible relationship between any of the documents sought and an actual innocence claim of the sort that is cognizable in this case.

Accordingly, Petitioner's Amended Motion to Expand the Record is DENIED without prejudice to its renewal with a satisfactory explanation of the logical link of these unfiled parts of the filings in the trial court and claims made in the habeas petition.  Any such motion must be filed by April 1, 2023.

March 17, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge