IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

RICHARD TODD WILLIAMS,

        Petitioner,    :    Case No. 1:21-cv-423

  - vs -        District Judge Jeffrey D. Hopkins
                          Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                          :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Williams under 28 U.S.C. § 2254, is before the Court on Petitioner's renewed Motion to Expand the Record (ECF No. 46).

**History of the Issue**

This case was initially assigned to Chief Magistrate Judge Karen L. Litkovitz. Upon her review under Rule 4 of the Rules Governing § 2254 Cases (the "Habeas Rules"), she ordered Respondent Warden to file a return or answer to the Petition (ECF No. 5). The same Order provided "[b]efore filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case." *Id.* at PageID 51. This language is based on Habeas Rule 5 which requires a Respondent to file relevant transcripts and briefs and opinions on appeal in the state courts. However, it goes well beyond Rule 5 in requiring other parts of the state court record which Respondent

1

believes are necessary for a decision.

The Magistrate Judge reference in this case was transferred to the undersigned December 29, 2022 (ECF No. 29). The Return of Writ (ECF No. 35) and State Court Record (ECF No. 34) were then jointly filed February 21, 2023. As is the general practice of the undersigned, he reminded Petitioner that his reply was due in twenty-one days or on March 17, 2023 (ECF No. 36). Petitioner responded with his Motion Requesting a Complete State Court Record (ECF No. 37).

In deciding that Motion, the Magistrate Judge agreed that the trial transcripts were necessary and ordered that they be filed with a copy furnished to Petitioner (ECF No. 38, PageID 774). Beyond that, the undersigned denied the Motion because Petitioner had not identified what additional portions of the state court proceedings were needed and why. *Id.* After several unsuccessful exchanges with the Court, Petitioner has filed the instant Motion.

## Analysis

Petitioner had previously listed eighteen items he sought, but has pared the list down to the various bills of particular filed in the state case and "discovery." (ECF No. 436-1, PageID 1546).

As to the bills of particulars, Petitioner writes:

> The bill of particulars, amended bill of particulars, and second amended bill of particulars is needed to show that the Petitioner was not notified of the nature of the charges. There were several acts that went to a single count of the indictment and the bill of particulars will show that many acts went to a single count which is incumbent to the unanimity issue.

*Id.* Presumably the "unanimity" issue refers to Ground Three for Relief which complains that the trial court did not instruct the jury that its verdict had to be unanimous as to each count. The bills

2

of particulars are not necessary to prove that claim since the judge's instructions are already of record (Trial Transcript, State Court Record 39-2, PageID 1435-73). In any argument he may make in his Reply that those instructions are unconstitutional. Petitioner is reminded of his duty to provide a "pinpoint" citation to the record, i.e. a PageID citation. The Motion to expand the record with the bills of particular is DENIED.

Petitioner also seeks to have "discovery" added to the State Court Record upon which this Court will decide his case. The Magistrate Judge reads this as a request that the record be expanded to include all materials the State produced to the defense in discovery as required by the Ohio Rules of Criminal Procedure. He states: "[t]he reason the Petitioner is requesting all discovery is because it was never presented to the jury. That is needed for the *Brady* Claim and actual innocence."

These two reasons do not support expanding the record to include the referenced discovery.

First as to *Brady*. The State has a duty to produce exculpatory evidence in a criminal case. If the State withholds evidence and it is material, the conviction must be reversed. *Brady v. Maryland*, 373 U.S. 83 (1963). To achieve this goal, "*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (quoting *Brady*, 373 U.S. at 87). To state a *Brady* claim, a defendant must allege that: (1) the government suppressed evidence; (2) the evidence is favorable to the defendant because it is either exculpatory or impeaching; and (3) the evidence is material, i.e., the suppression of the evidence prejudiced the defendant. See *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999). Prejudice occurs where "'there is a reasonable probability' that the result of the trial would have been different if the suppressed [evidence] had been disclosed

to the defense." *Id*. at 289. The very nature of "discovery" rebuts its use to prove a *Brady* claim. Discovery is what the State has disclosed, not what it has suppressed.

Secondly, what has been produced in discovery but not presented to the jury cannot prove actual innocence. A claim of actual innocence alone is insufficient to warrant habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993). "A claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010). Instead the actual innocence gateway requires new reliable evidence not available at trial:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). By definition, evidence disclosed in discovery at trial is not "new." Therefore Petitioner's second rationale for adding the discovery to the State Court Record is not persuasive and his Motion to Expand is DENIED as to the discovery.

4

Finally, Petitioner complains that the filing of his Petitioner for Post-Conviction Relief is incomplete and the Court agrees. At State Court Record ECF No. 34, Ex. 61, a one-page Affidavit of the Petitioner dated January 3, 2019, appears at PageID 551. Beginning at PageID 552, there appears to be the last two pages of another Affidavit of Petitioner of the same date, but the beginning of the Affidavit (i.e., paragraphs before ¶ 6) are omitted. Respondent is ORDERED to expand the State Court Record by filing a complete copy of the Petition for Post-Conviction Relief not later than April 16, 2023.

Since no additional material is being added to the State Court Record except material of which Petitioner already has possession, Petitioner's Reply shall be filed not later than April 27, 2023.

April 6, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
