IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

RICHARD TODD WILLIAMS,

        Petitioner,    :    Case No. 1:21-cv-423

  - vs -        District Judge Jeffrey D. Hopkins
        Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

        :
        Respondent.

## DECISION AND ORDER ON MOTION FOR EXPLANATION

This habeas corpus case, brought *pro se* by Petitioner Richard Todd Williams under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Explanation of This Court[']s Failure to See That Orders Given Are Followed (ECF No. 56).

Petitioner first complains that he does not know if the Court's order concerning grand jury transcripts has been fulfilled (ECF No. 56, PageID 1579, citing Doc. No. 43 Page Id. No. 1539). At the cited place, the Court ordered Respondent to provide this Court with a copy of the April 7, 2006, trial court order on grand jury transcripts. The docket does not record any response to this order. The Magistrate Judge's Courtroom Deputy is directed to inquire directly of Respondent's trial attorney as to compliance with this order.

1

Petitioner next complains that he "has not received the three bills of particulars with the required numbers to reference after he had moved to expand the record." *Id.*, citing ECF No. 52. Petitioner had moved to expand the record to include the bills of particulars and attached copies (ECF No. 52). The Court granted that motion by notation order but did not order Respondent to file additional copies. The record has effectively been expanded by the attachments to the motion to expand. Respondent was not ordered to do anything additional.

Thus Petitioner possesses, and the record has been expanded to include, the bills of particulars. On the other hand, the Court has never ordered that Petitioner be furnished with copies of the grand jury transcripts because grand jury testimony is kept secret absent a court order to the contrary. Petitioner earlier claimed the trial judge had ordered it released to him in the April 7, 2006, order which he did not furnish and this Court has not yet seen. The Court is not yet persuaded the grand jury testimony is material to deciding this case because it would almost never be something state courts considered on the merits of a criminal case. Yet for reasons he has not yet explained, Petitioner believes the grand jury testimony is crucial, so much so that he has threatened the Court that he will not even begin preparing his traverse/reply until he gets those transcripts (ECF No. 56, PageID 1579). Petitioner even questions the authority of the Court to set a schedule in the case until he gets the documents he wants. *Id.*

To be clear, scheduling events in cases assigned to them is the responsibility of Magistrate Judges. Magistrate Judge orders setting schedules are, like all other Magistrate Judge orders, subject to review by the assigned District Judge if objections are filed within the time allowed by Fed.R.Civ.P. 6. However, Magistrate Judge orders on non-dispositive mattes such as scheduling are binding unless reversed or stayed by the Court. Petitioner has not objected to the June 1, 2023, deadline for his traverse. Whatever District Judge Hopkins may do if a motion for stay is filed,

the undersigned will not stay or extend that deadline because Petitioner has not yet received the grand jury transcripts. If no reply/traverse is filed by the deadline, the Magistrate Judge is prepared to file a dispositive report and recommendation without such a filing.

May 4, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
