# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RICHARD TODD WILLIAMS,

                Petitioner,    :      Case No. 1:21-cv-423

    - vs -                                     District Judge Jeffrey P. Hopkins
                                                    Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                         :
                Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Richard Todd Williams pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1); the State Court Record (ECF No. 34); the Warden's Return of Writ (ECF No. 35); and Petitioner's Traverse (ECF No. 63).

**Litigation History**

On June 27, 2005, the Butler County grand jury indicted Williams on three counts of rape of minors less than thirteen years of age and four counts of gross sexual imposition, also of minors less than thirteen years of age (Indictment, State Court Record, ECF No. 1, Ex. 1). The alleged victims were his stepchildren, F.A. and J.H.

1

A trial jury found Williams guilty of rape of a minor as charged in Count One, and guilty of the lesser included offense of gross sexual imposition on the remaining rape charges in Counts Two and Three. The jury also found him guilty of the four counts of gross sexual imposition in Counts Four, Five, Six, and Seven of the indictment (Verdict Forms, State Court Record, ECF No. 34, Exs. 9-10). Williams was sentenced to life imprisonment on the rape count plus five years consecutive on each of the gross sexual imposition convictions.

Williams appealed to the Ohio Twelfth District Court of Appeals raising as error the trial court's admission of certain hearsay testimony and its refusal to allow him to ask his expert a question regarding false confessions from innocent suspects. The Twelfth District affirmed the convictions, *State v Williams*, 2008-Ohio-3729(Ohio App. 12th Dist. Jul. 28, 2008), app. jurisdiction declined, 120 Ohio St.3d 1509 (2009).

Williams filed an Application for Reopening under Ohio R. App. P. 26(B), claiming ineffective assistance of appellate counsel in his attorney's failure to raise as an assignment of error that "the trial court erred to the prejudice of Defendant-Appellant when it admitted into evidence certain hearsay testimony." The Twelfth District denied the application and Williams did not appeal. (Entry, State Court Record, ECF No. 34, Ex. 20).

On April 29, 2014, Williams filed in the trial court a motion to dismiss the case against him for lack of subject matter jurisdiction. *Id.* at Ex. 21. The trial court denied that motion and Williams appealed to the Twelfth District which affirmed. *Id.* at Ex. 31.

Williams followed with a trial court motion to re-sentence on the theory the verdicts were void. *Id.* at Ex. 32. The trial court denied the motion and Williams again appealed to the Twelfth District which again affirmed. *Id.* at Ex. 40. The Supreme Court of Ohio disallowed an untimely appeal. *Id.* at Ex. 43. Williams then applied to the Twelfth District for reconsideration which that

2

court denied. *Id.* at Ex. 45. The Ohio Supreme Court again declined appellate jurisdiction. *Id.* at Ex. 49.

On August 14, 2017, Williams sought re-sentencing, claiming post-release control and notification of sex offender registration had been improper. The Twelfth District agreed and remanded for that purpose. *State v. Williams*, 2018-Ohio-3990 (Oct. 1, 2018). After the trial court entered an amended judgment to reflect what had happened in court at the first sentencing, Williams again appealed to the Twelfth District which affirmed. *State v. Williams*, 2019-Ohio-3829 (Sept. 23, 2019), appellate jurisdiction declined (Entry, State Court Record, ECF No. 34, Ex. 60).

On February 19, 2019, Williams filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at Ex. 61. The trial court denied the petition, *Id.* at Ex. 67; the Twelfth District affirmed. *Id.* at Ex. 72. The Ohio Supreme Court declined to exercise appellate jurisdiction, *Id.* at Ex. 75.

Williams filed his Petition in this case by depositing it in the prison mailing system on June 15, 2021. He pleads the following grounds for relief:

> **Ground One**: Denial of 6th & 14th Amendment Right to Assistance of Trial Counsel in 2007 & 2018.
>
> **Supporting Facts**: Counsel rendered constitutionally ineffective assistance where he allowed the jury's verdict not to be unanimous which is a constitutional structural defect as a conflict of interest and failure to put State's case to meaningful testing.
>
> **Ground Two**: Ineffective Assistance of Trial Counsel in violation of Sixth & Fourteenth Amendment, United States Constitution
>
> **Supporting Facts:** In 2007 trial counsel interfered with petitioner's decision as to what plea to enter; whether to have jury trial and whether he would testify constituting a conflict of interests and failure to put State's case to meaningful adversarial testing, both constitutional structural defect error.

3

> **Ground Three**: Denial of procedural and substantive right to Due Process of Law in not giving jury instructions that all verdicts had to be unanimous.
>
> **Supporting Facts:** The trial court failed to instruct the jury that its verdicts had to be unanimous as to each count of the indictment thereby easing the State's burden of proof to less than beyond a reasonable doubt, a constitutional structural defect error resulting fundamental unfairness.
>
> **Ground Four**: 6th & 14th Amendment denial of right to be present at all critical stages of prosecution with assistance of counsel at re-sentencing.
>
> **Supporting Facts**: Although state trial court re-sentenced the petitioner on October 1, 2018, nunc pro tunc the court denied him the right to be present and to defend with counsel, both constitutional structural defect errors.

(Petition, ECF No. 1).

By motions to amend granted by Chief Magistrate Judge Karen Litkovitz, Williams added the following grounds for relief:

> **Ground Five:** The State knowingly and maliciously withheld pages of a police report that would have provided for exculpatory evidence in violation of *Brady v. Maryland* [373] U.S. 83 (1963) and *Davis v. Alaska* 415 U.S. 308 (1974).
>
> **Supporting Facts**: The State withheld pages of a police report that would have enabled the Petitioner to show he did not commit the charged crimes. The State said they would not turn over the pages of said report in open court making this a willful and malicious violation. It also would have provided for effective cross examination of an important prosecution witness.
>
> **Ground Six:** Trial counsel failed to obtain the pages of the police report that were willfully withheld. Trial counsel knew it was a police report and failed to make an effort to obtain these pages. Trial counsel was ineffective.
>
> **Supporting Facts**: Trial counsel should have obtained the pages of the police report that were withheld. It would provide for favorable evidence that could have yielded a different result, and provided for

4

>more effective cross examination of an important prosecution witness.
>
>**Ground Seven:** The trial court failed to order the pages of the report be disclosed or at the least ordered then [sic] released to the court.
>
>**Supporting Facts**: The trial court failed to order the pages of the police report be disclosed or at the least order that they be released for his inspection. This prejudiced the Petitioner in the above ways supported by the case law above.

(Motion, ECF No. 12, PageID 72).

# Analysis

### Procedural Default

Respondent asserts Ground One, Two, Three, Five, Six, and Seven are barred by Williams's procedural default in failing to present them properly to the Ohio courts. Because all are based on evidence which appears in the record on direct appeal, they are barred, Respondent argues, by Ohio's criminal *res judicata* doctrine as enunciated in in *State v. Perry,* 10 Ohio St. 2d 175 (1967).

In response, Williams argues at length in his Traverse that he was entitled to but did not receive unanimous verdicts (ECF No. 63, PageID 1594, *et seq*.). He extends that argument to earlier in the case when he claims the indictment was defective for failure to notify him of the specific conduct alleged to constitute each offense.

Although Williams insists the unanimity problem was recognized by the trial judge and nothing was done to resolve it at trial, lack of unanimity was not raised as an assignment of error on direct appeal. Nor was there any claim that the jury instructions on this point were erroneous, that trial counsel provided ineffective assistance of trial counsel when he did not raise the issue, or that the indictment provided inadequate notice of the charges.

Williams asserts he did not procedurally default the unanimity issue because *Crangle v.*

5

*Kelly*, 838 F.3d 673 (6th Cir. 2016), holds that "a new sentencing entry provides the Defendant with a new appeal of his conviction and sentence regarding issues that were not raised in prior appeals or trial court filings." (Traverse, ECF No. 63, PageID 1597). That is not the holding of *Crangle*. Crangle was re-sentenced because of an error in imposition of post-release control. The district court dismissed his subsequent habeas corpus petition as untimely, but the Sixth Circuit held that the new judgment re-started the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). The question presented by the case was one of interpreting a federal statute, AEDPA, and not a question of Ohio law. Nothing in *Crangle* suggests that obtaining a new judgment in the underlying criminal case wipes out the *res judicata* effects of the original judgment.

Williams also relies on what he says is this Court's decision in *Armengau v. Warden*, which he cites as having been reported at 2022 U.S. Dist. LEXIS 221147 (Traverse, ECF No. 63, PageID 1598). No opinion of this Court appears at that cited location. The only reported opinion of this Court in the *Armengau* case in the LEXIS database for 2022 appears at 2022 U.S. Dist. LEXIS 13754 and does not deal with the issue for which Williams cites it.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights

claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Ohio has an applicable procedural rule: trial court errors which are evidenced by the record on direct appeal must be raised in that appeal or be barred. This Ohio doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981). Williams has offered no excusing cause and prejudice. His unanimity claims (Grounds One and Three) are therefore barred by procedural default.

**Ground Two: Ineffective Assistance Of Trial Counsel**

In his Second Ground for Relief, Williams claims his trial attorney "interfered" with his with his decision as to what plea to enter, whether to try the case to a jury, and whether Williams would testify. In the Traverse Williams names the mechanism of interference: advice from his attorney (ECF No. 63, PageID 1612). He claims that giving this advice constituted a conflict of interest. *Id.*, citing *Lafler v. Cooper*, which he cites as being reported at 2012 U.S. Dist. Lexis 2322 (2012). No decision in the *Lafler* case is reported at that location. The relevant *Lafler* decision is that of the Supreme Court of the United States at 566 U.S. 156 (2012). In *Lafler* the Court held that it was ineffective assistance of trial counsel for an attorney to fail to present a proposed plea bargain to his or her client. In this case Williams is arguing that his attorney talked him out of a

7

plea bargain that he had already agreed to.

Whatever advice trial counsel gave Williams would not appear on the direct appeal record. Therefore he could not have litigated this ineffective assistance of trial counsel claim on direct appeal, but would have to have presented it by way of a petition for post-conviction relief under Ohio Revised Code § 2953.21, Ohio's mechanism for considering constitutional claims based on off-record evidence.

Williams did present this claim in his post-conviction petition which was filed February 19, 2019. The trial court dismissed the petition as untimely (Entry, State Court Record, ECF No. 34, Ex. 67, PageID 602). The Twelfth District Court of Appeals affirmed on that basis. *Id.* at Ex. 72. The Ohio Supreme Court declined to exercise its appellate jurisdiction. *Id.* at Ex. 75.

Because he did not file the ineffective assistance of trial counsel claim which lies beneath Ground Two within the time allowed by Ohio law, he has procedurally defaulted on it. He offers no excusing cause and prejudice. Ground Two should therefore be dismissed.

**Ground Four: Denial of Right to Be Present and Be Assisted by Counsel at All Critical Stages**

In his Fourth Ground for Relief, Williams asserts he had a right to be personally present at his resentencing in 2018 and to have the effective assistance of counsel in that proceeding. Respondent concedes this ground for relief is not procedurally defaulted because it was raised as the third assignment of error on direct appeal from resentencing and further pursued on appeal to the Ohio Supreme Court (Return, ECF No. 35, PageID 765).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is

contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Twelfth District Court of Appeals decided Williams's claim about personal presence and counsel at resentencing as follows:

> In August 2017, appellant again challenged his conviction and sentence by filing two separate motions: one for resentencing and the other to reinstate the *Alford* plea. The trial court denied both motions. This court affirmed the trial court's dismissal of the motion to reinstate appellant's *Alford* plea, but reversed and remanded for the limited purpose of correcting the judgment entry to reflect the correct duration of postrelease control imposed, make an express determination of appellant's habitual sex offender status pursuant to former R.C. 2950.09(E)(2), and expressly state that appellant's classification as a sexual predator was made pursuant to former R.C. 2950.09(8). *State v. Williams,* 12th Dist. Butler No. CA2018-03-055, 2018-Ohio-3990 ¶22. Furthermore, this court held that appellant was "not entitled to a *de novo* sentencing hearing on any of the issues at bar and the remaining portions of his sentence are not implicated by the remand." *Id.*
>
> On October 8, 2018 the trial court journalized a nunc pro tunc judgment entry correcting the three issues.
>
> Appellant now appeals the nunc pro tunc entry and raises five assignments of error for review. For ease of analysis, this court will discuss the assigned errors out of order.
>
> Assignment of Error No. 3:
>
> THE TRIAL COURT'S NUNC PRO TUNC ORDER DATED OCTOBER 8, 2018 IS VIOLATIVE OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS
>
> In the third assignment of error, appellant argues that the trial court violated his right to due process and right to counsel by not holding

9

> a new sentencing hearing to determine whether he should be classified a habitual sex offender.
>
> As this court held in the previous decision, former R.C. 2950.09(E) did not require the trial court to conduct a hearing to make the habitual sex offender determination. *Williams,* 2018-Ohio-3990 at ¶ 15, citing *State v. Sellers,* 7th Dist. Mahoning No. 06-MA-192, 2008-Ohio-538, and *State v. Cooper,* 8th Dist. Cuyahoga No. 84645, 2005-Ohio-3424. This court remanded on this issue solely for the trial court to determine *from the record* whether to classify appellant as a habitual sex offender. Consequently, the trial court did not violate appellant's due process rights or right to counsel when it determined that appellant was not a habitual sex offender and expressly incorporated that finding in the nunc pro tunc entry without holding a new hearing.
>
> The other two sentencing issues were also properly corrected without a new sentencing hearing. Regarding postrelease control, a defendant is not entitled to a new sentencing hearing to correct an error in the judgment entry when properly notified about postrelease control conditions at the original sentencing hearing. *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 30. The use of a nunc pro tunc entry is the proper method to correct the error. *Id.* at ¸r 24. Here, the court properly notified appellant of the conditions and mandatory five-year term of postrelease control at his sentencing hearing. Therefore, the nunc pro tunc entry was properly utilized on this issue.
>
> Finally, the trial court's failure to include language specifying that the sexual predator designation was made pursuant to former R.C. 2950.09(8) was simply a clerical error as it did not involve a legal decision. *State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 15 (clerical errors refer to, *inter alia*, omissions apparent on the record and not involving legal decisions). The trial court omitted the specific language required by the former statute. The correction of a clerical error does not require a hearing. *See State v. Van Tie/en,* 12th Dist. Brown No. CA2013-11-012, 2014-Ohio-4421, ¶21.
>
> Therefore, the trial court did not violate appellant's right to due process or counsel by issuing a nunc pro tunc entry without conducting a new sentencing hearing.
>
> Accordingly, appellant's third assignment of error is overruled.

(Opinion, State Court Record, ECF No. 34, PageID 512-14).

To prevail on Ground for Relief Four, Williams must show that this decision of the Twelfth

10

District is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.

Williams's Fourth Ground for Relief has changed as it has progressed. In the Twelfth District, he argued he was entitled to a new sentencing hearing. If he had been entitled to such a hearing, it would have been a critical stage of the proceedings because he would have or at least might have had evidence or comment to add to the proceedings. A defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to the outcome if his presence would contribute to the fairness of the procedure, i.e., be useful in ensuring a more reliable determination. *Buell v. Mitchell*, 274 F.3d 337, 363 (6th Cir. 2001), *citing Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). Because such a resentencing would have been part of the trial process, he would have been entitled to have counsel present and counsel appointed if he was indigent. *Gideon v. Wainwright*, 372 U.S. 335 (1963).

However, the Twelfth District held he was not entitled to a full resentencing hearing. Rather, the remand it had previously ordered was solely for the purpose of entering a corrected judgment nunc pro tunc. Under Ohio law, if a defendant is properly orally notified of post-release control at the time of sentencing, a judgment entry which omits the term may be corrected *nunc pro tunc*. *State v. Qualls*, 131 Ohio St. 3d 499 (2012). The same principle justifies use of a nunc pro tunc judgment entry to correct other errors in a judgment entry where the correct sentence has been orally pronounced, but the original judgment entry does not reflect what was said in open court.

"Nunc pro tunc" literally means, in Latin, "now for then" and refers to an entry utilizing a court's inherent power to correct clerical errors in the record. Black's Law Dictionary (7th ed.) at 1097. Practically it means writing a judgment entry which correctly reflects what the oral

11

judgment was.

Williams has cited no authority holding that the preparation and filing of a nunc pro tunc judgment entry is a critical stage of the criminal process at which a defendant has the right to be present. With respect to Williams's asserted right to counsel at this stage, he had been acting *pro se* for a number of years at that point. He points to no record of his asking any court to appoint counsel for the resentencing.

Because Williams has not shown the Twelfth District's decision on this claim is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent, it should be dismissed.

**Grounds Five, Six, and Seven: Violation of Brady v. Maryland and Failures to Correct**

In his Fifth Ground for Relief, Williams complains of the failure to the prosecution to turn over in discovery pages of a police report which he says would exonerate him. In Ground Six, he claims he received ineffective assistance of trial counsel when his trial attorney did not pursue this point. In Ground Seven he faults the trial court for failing to order these pages of the police report disclosed.

All three of these Grounds for Relief are procedurally defaulted on the same basis as Grounds One, Two, and Three. That is the refusal of the State to turn over the full report was on the trial court record and could have been adjudicated by the Twelfth District on direct appeal. Because it was not pleaded as one or more assignments of error on direct appeal, it is barred by *res judicata*. *State v. Perry, supra*.

12

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 28, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge