UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD TODD WILLIAMS, | : | |
| *Petitioner*, | : | Case No. 1:21-cv-423 |
| v. | : | Judge Jeffery P. Hopkins |
| WARDEN, LONDON CORRECTIONAL INSTITUTION, | : | Magistrate Judge Michael Merz |
| *Respondent*. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This habeas corpus case, brought by Petitioner Williams, pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (Doc. 67) to the Report and Recommendations of Magistrate Judge Merz (Doc. 64) recommending that the Petition be dismissed with prejudice.

**I.    Background**

On June 27, 2005, the Butler County grand jury indicted Williams on three counts of rape of minors less than thirteen years of age and four counts of gross sexual imposition, also of minors less than thirteen years of age. Doc. 34, PageID 139–40. The alleged victims were his stepchildren, F.A. and J.H. *Id.* at PageID 187.

A trial jury found Williams guilty of rape of a minor as charged in Count One, and guilty of the lesser included offense of gross sexual imposition on the remaining rape charges in Counts Two and Three. *Id.* The jury also found him guilty of the four counts of gross sexual imposition in Counts Four, Five, Six, and Seven of the indictment. *Id.* at PageID 163–172. Williams was sentenced to life imprisonment on the rape count (as well as five-year sentences

1

on each of the gross sexual imposition convictions). *Id.* at PageID 173–74.

Williams appealed to the Ohio Twelfth District Court of Appeals raising as error the trial court's admission of certain hearsay testimony and its refusal to allow him to ask his expert a question regarding false confessions from innocent suspects. The Twelfth District affirmed the convictions. *State v Williams*, 2008-Ohio-3729 (Ohio Ct. App.).

Williams filed an Application for Reopening under Ohio R. App. P. 26(B), claiming ineffective assistance of appellate counsel in his attorney's failure to raise as an assignment of error that "the trial court erred to the prejudice of Defendant-Appellant when it admitted into evidence certain hearsay testimony." Doc. 34, PageID 282–84. The Twelfth District denied the application and Williams did not appeal. *Id.* at PageID 303–05.

On April 29, 2014, Williams filed in the trial court a motion to dismiss the case against him for lack of subject matter jurisdiction. *Id.* at PageID 306. The trial court denied that motion and Williams appealed to the Twelfth District which affirmed. *Id.* at PageID 356–60. Williams followed with a trial court motion to re-sentence on the theory that the verdicts were void. *Id.* at PageID 361. The trial court denied the motion and Williams again appealed to the Twelfth District which again affirmed. *Id.* PageID 409. The Supreme Court of Ohio disallowed an untimely appeal. *Id.* at PageID 436. Williams then applied to the Twelfth District for reconsideration which that court denied. *Id.* at PageID 441. The Ohio Supreme Court again declined appellate jurisdiction. *Id.* at PageID 459.

On August 14, 2017, Williams sought re-sentencing, claiming post-release control and notification of sex offender registration had been improper. The Twelfth District agreed and remanded for that purpose. *State v. Williams*, 2018-Ohio-3990 (Ohio Ct. App.). After the trial court entered an amended judgment to reflect what had happened in court at the first

sentencing, Williams again appealed to the Twelfth District which affirmed. *State v. Williams*, 2019-Ohio-3829 (Ohio Ct. App.), appellate jurisdiction declined Doc. 34, PageID 543.

On February 19, 2019, Williams filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* PageID 544. The trial court denied the petition, (*Id.* at PageID 596), and the Twelfth District affirmed. *Id.* at PageID 665. The Ohio Supreme Court declined to exercise appellate jurisdiction, *Id.* at PageID 683.

On June 22, 2021, Williams filed a Petition for Writ of Habeas Corpus in this Court. Doc. 1. Williams pleads the following grounds for relief:

> **Ground One**: Denial of 6th & 14th Amendment Right to Assistance of Trial Counsel in 2007 & 2018.
>
> **Supporting Facts**: Counsel rendered constitutionally ineffective assistance where he allowed the jury's verdict not to be unanimous which is a constitutional structural defect as a conflict of interest and failure to put State's case to meaningful testing.
>
> **Ground Two**: Ineffective Assistance of Trial Counsel in violation of Sixth & Fourteenth Amendment, United States Constitution.
>
> **Supporting Facts:** In 2007 trial counsel interfered with petitioner's decision as to what plea to enter; whether to have jury trial and whether he would testify constituting a conflict of interests and failure to put State's case to meaningful adversarial testing, both constitutional structural defect error.
>
> **Ground Three:** Denial of procedural and substantive right to Due Process of Law in not giving jury instructions that all verdicts had to be unanimous.
>
> **Supporting Facts:** The trial court failed to instruct the jury that its verdicts had to be unanimous as to each count of the indictment thereby easing the State's burden of proof to less than beyond a reasonable doubt, a constitutional structural defect error resulting fundamental unfairness.

> **Ground Four:** 6th & 14th Amendment denial of right to be present at all critical stages of prosecution with assistance of counsel at resentencing.
>
> **Supporting Facts:** Although state trial court re-sentenced the petitioner on October 1, 2018, nunc pro tunc the court denied him the right to be present and to defend with counsel, both constitutional structural defect errors.

*Id.* Williams later added the following grounds by amendment:

> **Ground Five:** The State knowingly and maliciously withheld pages of a police report that would have provided for exculpatory evidence in violation of *Brady v. Maryland* [373] U.S. 83 (1963) and *Davis v. Alaska* 415 U.S. 308 (1974).
>
> **Supporting Facts:** The State withheld pages of a police report that would have enabled the Petitioner to show he did not commit the charged crimes. The State said they would not turn over the pages of said report in open court making this a willful and malicious violation. It also would have provided for effective cross examination of an important prosecution witness.
>
> **Ground Six:** Trial counsel failed to obtain the pages of the police report that were willfully withheld. Trial counsel knew it was a police report and failed to make an effort to obtain these pages. Trial counsel was ineffective.
>
> **Supporting Facts:** Trial counsel should have obtained the pages of the police report that were withheld. It would provide for favorable evidence that could have yielded a different result, and provided for more effective cross examination of an important prosecution witness.
>
> **Ground Seven:** The trial court failed to order the pages of the report be disclosed or at the least ordered then [sic] released to the court.
>
> **Supporting Facts:** The trial court failed to order the pages of the police report be disclosed or at the least order that they be released for his inspection. This prejudiced the Petitioner in the above ways supported by the case law above.

Doc. 12, PageID 72.

After review, the Magistrate Judge concluded Grounds One and Three related to jury

unanimity were barred from merits consideration by Williams' failure to fairly present them to the Ohio Courts. Doc. 64, PageID 1623. Ground Three, for ineffective assistance of trial counsel, was found procedurally defaulted by failure to file a petition for post-conviction relief in a timely manner. *Id.* at PageID 1624. The Magistrate Judge found Ground Four to be meritless due to a reasonable application of relevant Supreme Court precedent the appellate court. *Id.* at PageID 1624–28. Finally, the Magistrate Judge found Grounds Five, Six, and Seven were procedurally defaulted on the same basis as Grounds One, Two, and Three: failure to raise on direct appeal. *Id.* at PageID 1628.

## II. Standard of Review

Under Fed. R. Civ. P. 72(b)(3), this Court reviews the Magistrate Judge's report and recommendations on a dispositive matter, *de novo*, with particular attention to those portions of the report to which objection has been made. The Court has reviewed the Magistrate Judge's Report applying this standard.

## III. Law and Analysis

Petitioner's Objections focus strongly on his claim that the jury verdicts in his case were not unanimous in that they did not associate particular conduct with particular counts of the Indictment. Doc. 67, PageID 1632–36. The Magistrate Judge found this claim which Petitioner Williams raised under Grounds One, Two, and Three to have been procedurally defaulted given his failure to initially present this issue on direct appeal in State court. Petitioner claims, however, that "A void conviction cannot be procedurally defaulted," presumably meaning that a challenge to a void conviction cannot be procedurally defaulted. He cites no authority to support this contention. The Report cites abundant authority upholding and applying Ohio's *res judicata* doctrine in criminal cases announced in *State v.*

5

*Perry,* 10 Ohio St. 2d 175 (1967).  Petitioner does not argue he could not have raised the unanimity issue on direct appeal, nor does he offer any available cause and prejudice to excuse his failure to do so.

Petitioner relies on the habeas case of Javier Armengau, an attorney who was convicted of sexual misconduct with clients and staff who similarly complained in this Court of lack of unanimity in the verdicts on the same basis as Petitioner and of the related problem of an indefinite indictment for double jeopardy purposes.  The Magistrate Judge disagreed with Petitioner's reliance on opinions issued by this Court in Armengau's case as support for his argument in this proceeding. The Court need not resolve that disagreement because the Sixth Circuit ultimately denied Armengau any habeas relief on any of his claims including those raising jury unanimity issues.  *See Armengau v. Hildebrand,* No. 22-4049, 2024 U.S. App. LEXIS 14110 (6th Cir. Jun. 10, 2024).

Petitioner also relies on *Ramos v. Louisiana*, 590 U. S. 83 (2020), for his jury unanimity argument.  However, the Supreme Court has expressly held that *Ramos* does not apply retroactively to cases on collateral review which includes habeas corpus.  *Edwards v. Vannoy*, 593 U.S. 255 (2021).

In his Fourth Ground for Relief, Petitioner claims he had a right to be physically present and have an attorney appointed for his "re-sentencing."  As the Report points out, Petitioner's case had been remanded to the trial court for entry of a written judgment that correctly reflected the oral sentence.  Under Ohio law that correction is properly completed by entry of a *nunc pro tunc* judgment.  As the Report explains, the purpose of such an entry is to make the written judgment correctly reflect what happened when judgment was orally entered.  A *nunc pro tunc entry* is a final appealable order because, of course, the trial court may

6

get it wrong. But Petitioner cites no authority holding a defendant has the right to be physically present for the filing of a *nunc pro tunc* entry.

Petitioner makes no objection to the recommended dismissal of Grounds Five, Six, and Seven.

### IV. CONCLUSION

Having reviewed the Magistrate Judge's Report and Recommendations *de novo* with particular attention to the issues raised by Petitioner's Objections, the Court finds no error in the Report. Accordingly, the Report is **ADOPTED** and Petitioner's Objections are **OVERRULED**. The Clerk shall enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability; the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. The case will be terminated on the docket of this Court.

**IT IS SO ORDERED.**

August 12, 2024

Jeffery P. Hopkins
United States District Judge